FILED

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN RAPHAEL ROBERTS, | No. 14-16156 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00970-SKO |
| v. | |
| J. ST. CLAIR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted August 25, 2015[***]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Sean Raphael Roberts, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional and Religious Land Use and Institutionalized Persons Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("RLUIPA") violations arising from his request to be examined and treated by male medical professionals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal of a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we reverse and remand.

The district court prematurely dismissed Roberts's RLUIPA claim because Roberts sufficiently alleged a substantial burden was imposed on his practice of Islam when prison officials, including Allen, denied his request for a male medical practitioner to examine his hernia in order to avoid violating his religious practices. *See Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 717-18 (1981) (substantial burden exists where the state denies an important benefit because of conduct mandated by religious belief, "thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs"); *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005) (elements of a RLUIPA claim); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor can be held liable for his or her own personal involvement in the alleged constitutional violation); *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (choice between eating food harmful to health and religious practice can impose substantial burden).

We do not consider Roberts's First and Eight Amendment claims because Roberts does not raise these claims on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Roberts's contentions concerning the defendants who were not served.

Allen's request for judicial notice, filed on January 9, 2015, is granted.

**REVERSED and REMANDED.**